# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LEE ORR, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 08-cv-604-DRH |
| | ) |
| STATE OF ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
|        Defendant. | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Plaintiff, an inmate at the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that:

> Mail room clerk @ Dixon Correctional Center wrtoe "John Lee Orr is deceased!!["], on the backside of filed claim envelope, which violated by United States Constitutional Right of Due Process of law.

Plaintiff contends that because his mail was marked indicating that he was dead, his habeas petition he filed in this Court, *Orr v. Roth*, No 98-cv-009 (S.D. Ill.), was dismissed.

**DISCUSSION**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A. First, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff cannot bring a § 1983 action against the Illinois Department of Corrections. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Second, even if the Court liberally construed the complaint as attempting to assert a claim against the "mail room clerk at Dixon Correctional Center," Plaintiff's action is time barred. In a § 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, § 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See*

*Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. In this case, Plaintiff's prior habeas action, Case No. 98-cv-009, was dismissed on January 19, 1999.[1] Notice of the Court's Order and Judgment dismissing his habeas action were mailed to Plaintiff. Accordingly, Plaintiff's § 1983 action should have been filed within two years, or by January 19, 2001. However, plaintiff did not file this action until August 22, 2008, more than 7 years too late. Therefore, since plaintiff's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**DATED:** March 23, 2009.

/s/   DavidRHerndon
**DISTRICT JUDGE**

---

[1] The Court's docket indicates that the Court granted Plaintiff's motion to voluntarily dismiss his habeas petition without prejudice. *Orr v. Roth*, No. 98-cv-009 (S.D. Ill., December 22, 1998) (order granting Petitioner's motion). Because Plaintiff's current action is time barred, the Court not resolve the factual disparity between the Court's docket (voluntary dismissal of the habeas action) and Plaintiff's allegation (involuntary dismissal).